UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LEE-LEO HILL, *et al.*,

        Plaintiffs,                  Case No. 20-cv-13440
                                                    Hon. Matthew F. Leitman
v.

GRETCHEN WHITMER, *et al.*,

        Defendants.
_____/

**<u>ORDER (1) OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 30), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 29), AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 25)</u>**

      Plaintiffs Andrew Lee-Leo Hill, Ramon Caldwell, and Gary Dubicke are state prisoners confined at the Central Michigan Correctional Facility (the "CMCF") in St. Louis, Michigan. On December 22, 2020, Plaintiffs, proceeding *pro se*, jointly filed a civil-rights Complaint against the Warden of the CMCF, John Christiansen, Michigan Governor Gretchen Whitmer, and Heidi Washington, the Director of the Michigan Department of Corrections. (*See* Compl., ECF No. 1.) In the Complaint, Plaintiffs assert several claims arising out of the conditions of their confinement at the CMCF. (*See id.*) They allege, among other things, that (1) Hill did not receive timely responses to health care requests or his annual medical checkup, (2) the CMCF was overcrowded and unsanitary, (3) the CMCF did not sufficiently

1

implement social distancing protocols during the COVID-19 pandemic, (4) they were prevented from having access to the law library and from practicing their religion, and (5) they were served food that was carcinogenic and not fit for human consumption. (*See id.*)

Upon the filing of the Complaint, the Court conducted an initial screening of Plaintiffs' claims pursuant to the Prison Litigation Reform Act. When it did so, the Court became concerned that Plaintiffs had not sufficiently alleged Defendants' personal involvement in the alleged constitutional violations. Accordingly, on September 7, 2021, the Court ordered Plaintiffs to show cause why their claims should not be dismissed (the "Show Cause Order"). (*See* Show Cause Order, ECF No. 12.) More specifically, the Court directed Plaintiffs to explain, among other things, how each Defendant was personally involved in the alleged misconduct. (*See id.*)

Plaintiffs then responded to the Show Cause Order and attempted to identify the personal involvement of each Defendant. (*See* Resp., ECF No. 13.) Upon reviewing Plaintiffs' response, the Court concluded that with respect to Governor Whitmer and Director Washington, Plaintiffs had "failed to sufficiently allege that those Defendants were personally involved in th[e] alleged misconduct." (Order, ECF No. 16, PageID.96.) Thus, the Court dismissed the claims against those Defendants. (*See id.*, PageID.96-97.) As to Warden Christiansen, the Court

concluded that "the viability of [Plaintiffs'] claims [against him would be] best addressed in the context of full briefing on a motion to dismiss." (*Id.*, PageID.97.)

On May 2, 2022, Christiansen moved to dismiss Plaintiffs' claims against him. (*See* Mot., ECF No. 25.)  He argued, among other things, that Plaintiffs failed "to allege his personal involvement in a constitutional violation." (*Id.*, PageID.127.)

The motion was referred to the assigned Magistrate Judge. (*See* Order, ECF No. 21.)  The Magistrate Judge then reviewed the motion, Plaintiffs' response, and Plaintiffs' response to the Show Cause Order.  On October 26, 2022, the Magistrate Judge issued a report and recommendation in which she recommended that the Court grant Christiansen's motion and dismiss Plaintiffs' Complaint (the "R&R"). (*See* R&R, ECF No. 29.)

The Magistrate Judge concluded that all of Plaintiffs' claims failed because Plaintiffs had not sufficiently alleged Christiansen's personal involvement in the alleged constitutional violations. (*See id.*, PageID.196-199, 204-205.)  In addition, the Magistrate Judge concluded that many of Plaintiffs' claims also failed for other, independent reasons. (*See id.*, PageID.198-206.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that they could object to and seek review of the R&R by filing written objections within fourteen days. (*See id.*, PageID.207.)  The Magistrate Judge further explained that any objections needed to be specific. (*See id.*)  She then warned the parties that "only

3

[] specific objections […] are preserved for appeal; all other objections are waived." (*Id.*)  Finally, the Magistrate Judge explained that each objection "**must specify** precisely the provision of [the R&R] to which it pertains." (*Id.*; emphasis in original). Plaintiffs filed objections to the R&R on November 16, 2022. (*See* Objections, ECF No. 30.)

The fundamental problem with Plaintiffs' objections is that none of them show error with the essential basis upon which the Magistrate Judge recommended dismissing their claims: namely, their failure to plausibly allege Christiansen's personal involvement in the alleged constitutional violations.  The closest Plaintiffs come to addressing this recommended ground for dismissal is in their second numbered objection to the R&R. (*See id.*, PageID.210.)  In that objection, Plaintiffs insist that "[e]very movement that take[s] place within the facility must be approved by the Warden making Christiansen culpable." (*Id.*)  But that objection fails for at least two reasons.

First, the objection merely restates the same argument that Plaintiffs made in opposition to Christiansen's motion to dismiss. (*See* Pla.s' Resp., ECF No. 27, PageID.157.)  However, an objection that "simply summarizes what has been presented before[] is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). *See also Bradley v. United States*, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (explaining that "[a] party's

objections [to a report and recommendation] are not sufficiently specific if they merely restate the claims made in" earlier filings).

Second, and more importantly, Plaintiffs have not identified any factual allegations in the Complaint that, if proven, could support a finding that Christiansen was personally involved in the alleged violations here. Moreover, Plaintiffs have not cited any case in which a warden was found liable for an alleged constitutional violation based solely on the fact that he was the warden of the facility where the alleged violation took place. And there appears to be law to the contrary. *See*, *e.g.*, *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011) (affirming dismissal of claims brought against prison warden where plaintiff had "not alleged sufficient personal involvement by [the warden]" or alleged that the warden was "actively engaged in unconstitutional behavior"); *Lucas v. Holland*, 2017 WL 4764472, at *3 (6th Cir. Sept. 26, 2017) (explaining that a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" and affirming dismissal of claim against prison warden where plaintiff "failed to [] plead" warden's personal involvement in plaintiff's "conditions of confinement").

Because Plaintiffs have failed to show any error in the Magistrate Judge's determination that all of their claims fail due to their failure to plead personal involvement by Christiansen, the Court will adopt the recommendation in the R&R

to dismiss all of Plaintiffs' claims against Christiansen. Dismissal on this ground is especially appropriate given that Plaintiffs have had several opportunities – when responding to the Show Cause Order, when responding to Christiansen's motion to dismiss, and when filing their objections to the R&R – to identify Christiansen's personal involvement in the alleged violations of their constitutional rights.

The Court does not reach Plaintiffs' remaining objections (*i.e.*, the objections other than the one addressed above). Those objections address the alternate and independent grounds on which the Magistrate Judge recommended dismissing Plaintiffs' claims; they do not address the Magistrate Judge's determination that Plaintiffs failed to allege personal involvement by Christiansen. There is no need to address the remaining objections because even if those objections had merit (a question on which the Court takes no position), Christiansen would still be entitled to dismissal of the claims against him based upon Plaintiffs' failure to plead his personal involvement.[1]

---

[1] When Plaintiffs responded to the Show Cause Order, they asserted that Christiansen was personally involved in the decision to feed Plaintiffs raw, undercooked, and/or "not for human consumption" food because those issues were raised during a "Warden's Forum." (Resp. to Order to Show Cause, ECF No. 13, PageID.78.) The Magistrate Judge considered that argument and rejected it in the R&R. (*See* R&R, ECF No. 29, PageID.204-205.) Nowhere in Plaintiffs' objections do Plaintiffs' take issue with the Magistrate Judge's determination that their allegations concerning the Warden's Forum do not plausibly allege personal involvement by Christiansen. Thus, Plaintiffs (who were advised about the need to object in order to preserve an issue for further review) have waived their argument that Christiansen was personally involved in the alleged food deficiencies because

Accordingly, for all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Plaintiffs' objections to the R&R (ECF No. 30) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 29) is **ADOPTED**;

- Christiansen's motion to dismiss (ECF No. 25) is **GRANTED**; and

- Plaintiffs' Complaint (ECF No. 1) is **DISMISSED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 17, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

issues related to food were raised at the Warden's Forum. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987) (explaining that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have").